IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA WENTZ,

     Plaintiff,                         Civ. No. S-11-1922 KJM EFB

  vs.

                                       ORDER

KATHRYN DALEY,

     Defendant.

                               /

          On July 21, 2011, defendant removed this case from Sacramento County Superior Court, invoking this court's diversity jurisdiction. 28 U.S.C. § 1332. She alleges that the case meets the requirements for removal because plaintiff is a resident of California, defendant is a resident of Texas, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, in that Plaintiff's complaint seeks recovery in excess of $40,000 in out-of-pocket damages to date, plus general damages in amounts to be proven at trial, plus exemplary damages pursuant to Cal. Civ. Code § 3924 . . . . The total of these sums exceeds $75,000." ECF No. 1 at 2. The complaint, attached to the notice of removal, alleges a single claim of malicious prosecution and says that "[p]laintiff has been damaged in an amount to [be] established at trial, but in excess of $40,000, as and for [*sic*] attorneys fees and costs incurred as

/////

1

a result of having to defend the Action." It also asks for an award of exemplary damages under Cal. Civ. Code § 3294.[1]  ECF No. 1 at 13.

An action may be removed to this court so long as this court would have original jurisdiction over the suit. 28 U.S.C. § 1441(a). District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties. 28 U.S.C. §§ 1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have the duty of determining whether they have jurisdiction, even if the parties do not raise the question. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004).

When it is not evident from the face of the complaint that the amount in controversy exceeds $75,000, the removing party must prove by a preponderance of evidence, that the jurisdictional threshold has been met. *Matheson v. Progressive Speciality Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003). This court may consider any facts included in the removal petition as well as any summary judgment type evidence the removing party presents. *Id*.

As noted, the complaint alleges only that plaintiff has been damaged "in excess of $40,000," with the exact amount to be established at trial. The removal petition adds only that

---

[1] Under Cal. Civ. Code § 3925(e), the complaint cannot "state an amount or amounts" of claimed exemplary damages.

2

1  the combination of plaintiff's claimed damages plus the request for exemplary damages "exceeds
2  $75,000." This conclusory claim is insufficient for purposes of removal jurisdiction. *Valdez v.*
3  *Allstate Ins. Co*, 372 F.3d 1115, 1117 (9th Cir. 2004) (when complaint sought damages "in
4  excess of $50,000" and notice of removal said only that "upon information and belief" the
5  amount in controversy was over $75,000, defendant had not shown that it was more likely than
6  not the jurisdictional amount had been established); *Matheson*, 319 F.3d at 1090-91 ("conclusory
7  allegations as to the amount in controversy are insufficient").

8        IT IS THEREFORE ORDERED that:

9        1. This case is remanded to Sacramento County Superior Court; and

10        2. The case is closed.

11  DATED: February 14, 2012.

13        UNITED STATES DISTRICT JUDGE